**CHALLENGE REALTY, INC., Appellant,**

v.

**James M. LEISENTRITT, Indymac Bank, F.S.B., and Countrybrook North C., Appellees.**

No. 49A02–0701–CV–38.

Court of Appeals of Indiana.

June 8, 2007.

## ORDER

Appellees, James M. Leisentritt and Indymac Bank, F.S.B., by counsel, filed Appellees' Limited Objection Regarding Motion to Withdraw Appearance.

Having reviewed the matter, this Court FINDS AND ORDERS:

1) On June 4, 2007, this Court entered an order allowing Appellant's counsel to withdraw from the representation of Appellant. Further, the order directed that "Appellant's Brief remains due on or before June 15, 2007."

2) Also on June 4, 2007, Appellees James M. Leisentritt and Indymac Bank, F.S.B. filed their Limited Objection Regarding Motion to Withdraw Appearance. The Limited Objection noted that Appellant has obtained three extensions of time to file its opening brief. Appellees note that "the potential for further delay in the briefing schedule prejudices [Appellees], who should be able to obtain prompt resolution of this appeal." *Limited Objection* at 2. Further, Appellees explain: "[C]oun-

the Hubers' action was barred under estoppel principles.

sel has already three times, in vain, set aside a significant amount of time to adequately prepare a response brief that requires the treatment of multiple, complex issues of law. In addition, the delay causes ... counsel to spend unwarranted time to reacquaint themselves with the case and its issues before preparing a response brief." *Id.* at 2–3. Appellees request that this Court's order, with regard to the withdrawal of Appellant's counsel, explicitly state that Appellant's Brief remains due on June 15, 2007 *and* that no further extensions will be granted.

3) The Limited Objection filed by Appellees James M. Leisentritt and Indymac Bank, F.S.B. is well taken. The Limited Objection illustrates that requests for extensions of time place significant financial and temporal strains upon opposing parties. Further, this Court recognizes that the Indiana Supreme Court's Indiana Appellate Rules, by which this Court is bound, require that Appellant's opening brief "shall be filed no later than thirty (30) days after ... the date the trial court clerk ... issues its notice of completion of the transcript." *See* Ind. Appellate Rule 45(B)(1)(b).

4) This Court's order of June 4, 2007 provided that Appellant's Brief remains due on or before June 15, 2007. The order of June 4, 2007 is MODIFIED to state that Appellant SHALL NOT request or be granted any additional extensions of time. Further, Appellant's FAILURE to file its Appellant's Brief on or before June 15, 2007, SHALL SUBJECT THIS APPEAL TO DISMISSAL.

5) After the filing of Appellant's Brief, the parties are directed to proceed in accordance with the Indiana Appellate Rules.

6) Inasmuch as the contents of this order are of unique interest to the bar, and of substantial importance, this order is hereby ORDERED PUBLISHED.